869 A.2d 433

IN THE MATTER OF JEFFREY W. TRUITT, AN ATTORNEY
AT LAW (ATTORNEY NO. 024551996).

March 14, 2005.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–247, concluding that **JEFFREY W. TRUITT** of **EAST ORANGE**, who was admitted to the bar of this State in 1996, should be suspended from the practice of law for a period of one year for violating *RPC* 1.1(a) (gross neglect), *RPC* 1.3(lack of diligence), *RPC* 1.15(a) (failure to hold property of clients separate from the lawyer's own property), *RPC* 1.15(b)(failure to promptly deliver funds or property to a client or third person), *RPC* 1.15(d) and *R.* 1:21–6 (recordkeeping violations), *RPC* 8.1(b)(failure to cooperate with ethics authorities), and *RPC* 8.4(c)(conduct involving dishonesty, fraud, deceit or misrepresentation);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to complete twelve hours of courses in the areas of professional responsibility, real estate, and accounting for attorneys and further be required to submit monthly reconciliations of his attorney accounts to the Office of Attorney Ethics for a period of one year;

And good cause appearing;

It is ORDERED that **JEFFREY W. TRUITT** is suspended from the practice of law for a period of one year and until the further Order of the Court, effective immediately; and it is further

ORDERED that prior to reinstatement, respondent shall enroll in and complete twelve hours of courses in professional responsibility, real estate, and accounting for attorneys approved by the Office of Attorney Ethics and shall submit proof of completion to the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement to practice, respondent shall submit to the Office of Attorney Ethics monthly reconciliations of his attorney accounts prepared by a certified public accountant approved by the Office of Attorneys Ethics for a period of one year and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent be restrained and enjoined from practicing law during the period of suspension and that respondent comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter.